DUCKWORTH & PETERS, LLP
Erika A. Heath (SBN 304683)
erika@duckworthpeters.com
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:   (415) 433-0333
Fax:   (415) 449-6556

FRANCIS & MAILMAN, P.C.
James A. Francis*
John Soumilas*
Lauren KW Brennan*
1600 Market Street, Suite 2510
Philadelphia, PA 19110
Tel:   (215) 735-8600
Fax:   (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Attorneys for Plaintiff and the Proposed Classes*

\* *Pro Hac Vice* application forthcoming

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EDWARD WATSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHECKR, INC.,<br><br>Defendant. | Case No. 3:19-cv-3396<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**FAIR CREDIT REPORTING ACT** |

**PRELIMINARY STATEMENT**

1. This is a consumer class action brought for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") against Defendant Checkr, Inc. ("Defendant" or "Checkr"), a consumer reporting agency ("CRA"). Defendant deprives consumers of their rights under the FCRA by failing to comply with the law and refusing to adopt procedures to assure the maximum possible accuracy of the information it places on reports it prepares and sells about individual consumers.

2. Specifically, this case deals with Checkr's practices for preparing and selling "real-time" reports of arrest records to employers, by generating and delivering a background report containing an arrest record within 24 hours of the arrest. These "real-time" reports attribute arrests to individual consumers using only first and last name, disregarding other identifying information available on the public record, including dates of birth. As a result of this loose name-only matching logic, the "real-time" reports Checkr prepares about many consumers, including Plaintiff, inaccurately include arrest records which do not pertain to the person who is the subject of the report. As in Plaintiff's case, such inaccuracies are obvious from the face of the report; yet Checkr takes no steps to prevent this inaccurate reporting.

3. Plaintiff now individually and on behalf of all others similarly situated, files this Class Action Complaint against Checkr under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, brought on behalf of other consumers affected by Checkr's procedures for using name-only matching on "real-time" reports.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b). Pursuant to L.R. 3-2(c)-(d), this case should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to the lawsuit occurred in San Francisco County.

//

## PARTIES

6. Plaintiff David Edward Watson is an adult individual who resides in Wichita, Kansas.

7. Defendant Checkr is a consumer reporting agency that regularly conducts business in the State of California, and which has a principal place of business in San Francisco, California.

## FACTUAL ALLEGATIONS

*Checkr's Operations as a Consumer Reporting Agency*

8. The Fair Credit Reporting Act ("FCRA") regulates the use of "consumer reports" for employment purposes, commonly called "background reports."

9. Among other things, Checkr sells consumer reports to employers who wish to screen job applicants.

10. Checkr is a "consumer reporting agency" ("CRA") as defined by the FCRA, and its reports are "consumer reports."

11. The FCRA requires CRAs such as Checkr to use reasonable procedures to assure with maximum possible accuracy the information included on consumer reports and that it concerns the individual about whom the report relates. 15 U.S.C. § 1681e(b).

12. One of the most well-known and prevalent inaccuracies that occur in the consumer reporting industry is a "mixed file."

13. A mixed file is a consumer report in which some or all of the information in the report pertains to an individual who is not the subject of the report.

14. The main cause of mixed files is a CRA's failure to use full identifying information to match records to the personal identifying information of consumers who are the subjects of its reports.

15. Some of the consumer reports Checkr sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

16. CRAs such as Checkr deal in volume and use standardized procedures to gather information and place it on reports about individuals. They do not "reinvent the wheel" by using unique practices with respect to each different report.

17. In addition to selling background reports in the pre-employment context, Checkr also provides a service whereby it will provide "real-time" consumer reports to employers which include records of arrests which allegedly pertain to a current employee who is the subject of the report, within 24 hours of the arrest.

18. Checkr regularly provides these "real-time" reports to Uber, and other employers.

19. Checkr routinely, and as a matter of policy and practice, knowingly, intentionally, recklessly, and willfully includes records of arrests on "real-time" reports using only first and last name to match the arrest to the individual who is the subject of the report, despite the fact that Checkr possesses or can easily obtain other identifying information demonstrating that the arrest does not pertain to the individual.

20. Checkr's practices cause substantial harm to consumers by prejudicing their employers with inaccurate and adverse criminal record information.

*The Experience of Plaintiff David Edward Watson*

21. Plaintiff applied to drive for Uber in March 2018. He satisfied all of Uber's screening requirements and began to drive for Uber in March 2018.

22. Plaintiff continued to regularly drive for Uber during the following eight months.

23. On or about November 28, 2018, Checkr prepared a background report about Plaintiff and delivered it to Uber.

24. The November 28, 2018 Checkr report showed an arrest and charge for "POSSESSION OF CONTROLLED SUBSTANCE" in Madison County, Illinois. The report listed the name of the arrested person as "DAVID EARL WATSON" and listed a year of birth of 1958.

25. The date of the reported arrest was November 28, 2018, the same as the date of the report.

26. The November 28, 2018 report was a "real-time" report.

27. Pursuant to its usual policies and procedures, Checkr matched the arrest record to its report about Plaintiff without using the available year of birth and middle name information, or other information available to it which would have demonstrated that the arrest record did not pertain to Plaintiff.

28. Plaintiff has never been to Madison County, Illinois, his middle name is "EDWARD" and his year of birth is 1970, not 1958.

29. The November 28, 2018 Checkr report was inaccurate.

30. As a result of Checkr's report, Uber immediately suspended Plaintiff's account, and he was unable to conduct any work for Uber.

31. Plaintiff disputed the inaccurate reporting on or about December 10, 2018.

32. On December 26, 2018, Checkr sent Plaintiff an email, informing him "[w]e have completed our reinvestigation of the disputed information and have revised the information contained in your original report." Attached to the email was a revised report which no longer included the inaccurate arrest information.

33. Between the date of the report and the date of Checkr's correction of the same, Plaintiff was unable to conduct any work for Uber.

34. As a result of Checkr's conduct, Plaintiff suffered damages, including without limitation and by example only: loss of revenues, loss of employment opportunity, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

35. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for consumers' rights as set forth under section 1681e(b) of the FCRA, and further assumed an unjustifiably high risk of harm.

36. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action on behalf of the following Classes of consumers:

   a. All natural persons residing within the United States and its territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, (i) were the subject of a consumer report prepared by Defendant, (ii) the consumer report included one or more items of information pertaining to an arrest, (iii) the report was prepared within 24 hours of the arrest, and (iv) one or more items of identifying information of the subject of the report was different on its face from the identifying information of the arrested individual.

   b. All natural persons residing within the United States and its territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action (i) were the subject of a consumer report prepared by Defendant, (ii) the consumer report included one or more items of information pertaining to an arrest, (iii) the report was prepared within 24 hours of the arrest, and (iv) the report was revised after Defendant received a dispute.

38. The Class members are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Classes each minimally numbers in the thousands.

39. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions concern whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the information contained in its reports about consumers.

40. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

41. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel who are

very experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

42. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

43. Whether Defendant violated the FCRA can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from Defendant's records.

## CLAIMS

### COUNT I – VIOLATION OF FCRA § 1681e(b) (CLASS)

45. Plaintiff incorporates all paragraphs as though the same were set forth at length herein.

46. As alleged above, Checkr negligently and willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff and members of the Class when it prepared consumer reports containing arrest information about them.

47. Pursuant to section 1681n of the FCRA, Defendant is liable for negligently and willfully failing to maintain reasonable procedures to assure maximum possible accuracy of the consumer reports that it sold, in violation of 15 U.S.C. § 1681e(b).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Classes; that judgment be entered for Plaintiff and the Classes against Defendant for statutory, actual, and punitive damages for violation of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in favor of Plaintiff and the Classes defined herein and against Checkr, granting the following:

- Pursuant to FED. R. CIV. P. 23, certifying the Classes defined herein and appointing Plaintiff and his counsel to represent them;
- Pursuant to 15 U.S.C. §§ 1681n and 1681o, awarding actual, statutory, and punitive damages to Plaintiff and members of the eligible Classes;
- Pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), awarding costs and reasonable attorney's fees to Plaintiff's counsel herein; and
- For costs of lawsuit, pre-judgment, and post-judgment interest; and
- Such other and further relief as may be just and proper

Respectfully submitted,

Dated:   June 13, 2019          **DAVID EDWARD WATSON**,
by his attorneys,

*/s/Erika A. Heath*
Erika A. Heath (SBN 304683)
erika@duckworthpeters.com
**DUCKWORTH & PETERS, LLP**
369 Pine Street, Suite 410
San Francisco, California 94104
Tel: (415) 433-0333
Fax: (415) 449-6556

|   |   |
|---|---|
| 1 | **FRANCIS & MAILMAN, P.C.** |
| 2 | James A. Francis* |
|   | John Soumilas* |
| 3 | Lauren KW Brennan* |
|   | 1600 Market Street, 25th Floor |
| 4 | Philadelphia, PA 19110 |
|   | T: (215) 735-8600 |
| 5 | F: (215) 940-8000 |
|   | jfrancis@consumerlawfirm.com |
| 6 | jsoumilas@consumerlawfirm.com |
| 7 | lbrennan@consumerlawfirm.com |
| 8 | *Attorneys for Plaintiff and the Proposed Classes* |

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

Dated: June 13, 2019          **DUCKWORTH & PETERS, LLP**

By:   */s/ Erika Heath*
         Erika A. Heath
         Attorney for Plaintiff and the Proposed Classes