EXHIBIT B
~~Proposed~~ Order Directing Notice to the Settlement Class

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID EDWARD WATSON,
on behalf of himself and
all others similarly situated,

  Plaintiff,

v.              Case No.: 3:19-cv-03396-EMC

CHECKR, INC.,

  Defendant.

_____/

**~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING SETTLEMENT
AND DIRECTING NOTICE TO THE SETTLEMENT CLASS**

  The Court, having reviewed the Motion for Preliminary Approval and the Settlement Agreement (the "Agreement") entered by the Parties,[1] hereby ORDERS that:

  1.  The Court has considered the proposed settlement of the claims asserted in this matter on behalf of the Settlement Class proposed to be certified for settlement purposes and defined as the "Mismatch Subgroup" and the "Dispute Subgroup," as follows:

> a. **Mismatch Subgroup:** All natural persons residing in the United States who: (1) were subject to at least one Continuous Check arrest record report ("CC Arrest Report") from July 1, 2018 to the date that the Court enters its Preliminary Approval Order, where (2) Checkr's records for the CC Arrest Reports reflect that the name in the Checkr name field of the CC arrest report did not have the same characters as the characters in the vendor name field of the CC arrest report, and where (3) the four digit year of birth in the Checkr date of birth field of the CC arrest report did not have the same characters as a four digit year of birth in the vendor date of birth field of the CC arrest report;
>
> b. **Dispute Subgroup:** All natural persons residing in the United States who: (1) were subject to at least one CC Arrest Report from July 1, 2018 to the date that the Court enters its Preliminary Approval Order, where (2) Checkr's records pertaining to disputes reasonably indicate that the consumer may have disputed

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Agreement.

**EXHIBIT B**
**~~Proposed~~ Order Directing Notice to the Settlement Class**

with Checkr that the arrest record contained in the CC Arrest Report did not belong to them, and where (3) by the date that the Court enters its Preliminary Approval Order, Checkr's records reflect that the consumer's dispute of the CC Arrest Report resulted in a changed CC Arrest Report. The Dispute Subgroup Settlement Class Members are not intended to include consumers who disputed with Checkr, but where Checkr determined its original CC Arrest Report was accurate.

A person shall only be counted once for purposes of Settlement Class membership. A person who would be included in both the Mismatch Subgroup and the Dispute Subgroup shall be deemed to be in the Dispute Subgroup for purposes of the relief and procedures contained herein. Excluded from the Settlement Class are any employees, officers, or directors of Checkr, any attorney appearing in this case, and any judge assigned to hear this action, together with their immediate family members and any persons employed by him or her.

    2.    Based upon the Court's review, it appears that the settlement is fair, reasonable, and adequate, and that each of the following is true:

    a.  the proposed Class Representative, David Edward Watson, and Class Counsel, Francis Mailman Soumilas, P.C. have adequately represented the proposed Settlement Class;

    b.  the proposed settlement was negotiated at arm's length;

    c.  the relief provided for the Settlement Class is adequate, taking into account:

        i.  the costs, risks, and delay of trial and appeal;

        ii.  the effectiveness of the proposed method of providing payments to Settlement Class Members, including the method of processing Settlement Class Member claims; and

        iii.  the terms of the proposed award of attorneys' fees and costs, including timing of payment.

**EXHIBIT B**
**~~Proposed~~ Order Directing Notice to the Settlement Class**

      d. the proposed settlement treats Settlement Class Members equally relative to each other.

3. Based upon the Court's review, it appears that the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

      a. there are approximately 950 members of the Settlement Class Subgroups, before any necessary assignment of Settlement Class Members who fall into both Subgroups into only the Dispute Subgroup;

      b. the claims of the proposed Class Representative David Edward Watson are typical of the other Settlement Class Members;

      c. there are questions of law and fact that are common to all Settlement Class Members;

      d. the proposed Class Representative will fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Class.

4. Based upon the Court's review, it appears that the action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the Settlement Class Members predominate over any questions affecting only individual members.

5. Therefore, the Court will be likely to be able to approve the proposed settlement pursuant to Fed. R. Civ. P. 23(e)(2), and certify the proposed Settlement Class for purposes of judgment on the proposed settlement.

**EXHIBIT B**
**~~Proposed~~ Order Directing Notice to the Settlement Class**

6. The Court has reviewed the proposed manner of giving notice as set forth in the Settlement Agreement and finds that the proposal fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7. No later than ten (10) days of the date of this Order, Defendant shall compile and securely deliver to the Settlement Administrator a class list for each of (a) the Mismatch Subgroup and, (b) the Dispute Subgroup.

8. No later than ten (10) days after the Claims Submission Deadline, the Settlement Administrator will cause a declaration to be filed with the Court that the notice of the Settlement was given as required by the Settlement Agreement.

9. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on **Thursday, October 21**, 2021 *(at least 120 days after entry of preliminary approval order)* at the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 5, at **1:30**, **p**.m. for the following purposes:

   a. To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

   b. To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

   c. To consider the application of Class Counsel for an award of attorney's fees and expenses, and for an individual settlement and service award to the Class Representative; and

   d. To rule upon other such matters as the Court may deem appropriate.

**EXHIBIT B**
**~~Proposed~~ Order Directing Notice to the Settlement Class**

10. If a Settlement Class Member chooses to opt out of the Settlement Class, such Settlement Class Member is required to submit a request for exclusion to the Settlement Administrator in the manner described in the Settlement Agreement, submitted no later than sixty (60) calendar days of the date of notice. No later than seven (7) business days after the Opt-Out Deadline Date, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a complete list of all Settlement Class Members who have properly opted out of the Settlement Class together with copies of the opt out requests.

11. A Settlement Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action. Any Settlement Class Member who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the Settlement Administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the Final Approval Hearing.

12. Any Settlement Class Member who wishes for the Court to consider an objection to the settlement must submit an Objection by filing with the Clerk of Court, and serving on Class Counsel and Defense Counsel, a notice of their intention to object (which shall set forth each objection and the basis therefore and containing the objecting Class Member's signature), along with any papers in support of their position. Objections must be filed with the Clerk of the Court no later than 85 days after the date of this Order. Objections to Settlement Class Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The objection and any supplement must indicate whether the Class member and/or his or her attorney(s) intends to appear at the Final Approval Hearing. Any attorney who intends to appear the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than 85 days after the

**EXHIBIT B**
~~Proposed~~ **Order Directing Notice to the Settlement Class**

date of this Order. Class Members may submit a Claim Form and object, but may not object if they opt-out of the Settlement. If a Class Member submits both a Claim Form and an opt-out, and the Settlement Administrator is not able to determine the Class Member's intent, the Claim Form will be controlling and the Class Member will be bound by the Agreement.

13. Any objector who wishes to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Court Clerk's office no later than ten (10) business days before the Final Approval Hearing, and must provide both Class Counsel and Defendants' Counsel with copies of the notice of intent to appear.

14. All briefs, memoranda, petitions and affidavits to be filed in support of an individual settlement and service award to the proposed Class Representative and for an award of attorney's fees and expenses shall be filed no later than ten (10) days prior to the deadline for Settlement Class Members to make objections, or within another time set by the Court.

15. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the Settlement shall be filed no later than ten (10) days prior to the Final Approval Hearing, or within another time set by the Court.

16. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE
EDWARD M. CHEN

Dated: **June 16, 2021**