UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EDWARD WATSON,<br><br>Plaintiff,<br><br>v.<br><br>CHECKR, INC.,<br><br>Defendant. | Case No. 19-cv-03396-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Docket No. 76 |

This matter having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action Settlement with Defendant Checkr, Inc.; the Court having considered all papers filed and arguments made with respect to the Settlement, the Court finds that:

1. The class as defined in the Agreement[1] (the "Settlement Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Agreement.

practicable under the circumstances; and satisfies Rule 23(e) and due process.

3. The Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

4. The Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the Parties and is supported by the Class Representative.

5. The Class Representative and Class Counsel, Francis Mailman Soumilas, P.C. have adequately represented the proposed Settlement Class.

6. The relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method of providing payments to Settlement Class Members including the method of processing Settlement Class Members' claims, and the terms of the proposed award of attorneys' fees and costs, including timing of payment.

7. The proposed settlement treats Settlement Class Members equally relative to each other.

8. The persons listed on Exhibit A hereto, if any, have validly excluded themselves from the Settlement Class indicated in accordance with the provisions of the Preliminary Approval Order.

9. The Parties and each Settlement Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Agreement.

10. It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Person which in any way relates to the applicability or scope of the Agreement or the Final Approval Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

11. This action is a class action against Defendant on behalf of the Settlement Class, consisting of the two subgroups of consumers defined as follows:

a. **Mismatch Subgroup:** All natural persons residing in the United States who: (1) were subject to at least one Continuous Check arrest record report ("CC Arrest Report") from July 1, 2018 to the date that the Court enters its Preliminary Approval Order, where (2) Checkr's records for the CC Arrest Reports reflect that the name in the Checkr name field of the CC Arrest Report did not have the same characters as the characters in the vendor name field of the CC Arrest Report, and where (3) the four digit year of birth in the Checkr date of birth field of the CC Arrest Report did not have the same characters as the four digit year of birth in the vendor date of birth field of the CC Arrest Report;

b. **Dispute Subgroup:** All natural persons residing in the United States who: (1) were subject to at least one CC Arrest Report from July 1, 2018 to the date that the Court enters its Preliminary Approval Order, where (2) Checkr's records pertaining to disputes reasonably indicate that the consumer may have disputed with Checkr that the arrest record contained in the CC Arrest Report did not belong to them, and where (3) by the date that the Court enters its Preliminary Approval Order, Checkr's records reflect that the consumer's dispute of the CC Arrest Report resulted in a changed CC Arrest Report. The Dispute Subgroup Settlement Class Members are not intended to include consumers who disputed with Checkr, but where Checkr determined its original CC Arrest Report was accurate.

A person shall only be counted once for purposes of Settlement Class membership. A person who would be included in both the Mismatch Subgroup and the Dispute Subgroup shall be deemed to be in the Dispute Subgroup for purposes of the relief and procedures contained herein. Excluded from the Settlement Class are any employees, officers, or directors of Checkr, any attorney appearing in this case, and any judge assigned to hear this action, together with their immediate family members and any persons employed by him or her.

12. The Agreement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class and the parties are directed to consummate the Agreement in accordance with its terms.

13. As agreed by the Parties, upon the Effective Date, Defendant and the Released

1  Persons shall be released from the Released Claims in accordance with the terms of the

2  Agreement.

3        14.    Without affecting the finality of this judgment, the Court hereby reserves and

4  retains jurisdiction over this settlement, including the administration and consummation of the

5  settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive

6  jurisdiction over Defendant and each member of the Settlement Class for any suit, action,

7  proceeding or dispute arising out of or relating to this Order, the Agreement or the applicability of

8  the Agreement.  Without limiting the generality of the foregoing, any dispute concerning the

9  Settlement Agreement, including, but not limited to, any suit, action, arbitration or other

10  proceeding by a Class member in which the provisions of the Settlement Agreement are asserted

11  as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection,

12  shall constitute a suit, action or proceeding arising out of or relating to this Order.  Solely for

13  purposes of such suit, action or proceeding, to the fullest extent possible under applicable law,

14  Plaintiff and all Settlement Class Members are hereby deemed to have irrevocably waived and

15  agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they

16  are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue

17  or an inconvenient forum.  Nothing contained herein operates as a waiver of Defendant's right to

18  move to compel arbitration or assert the right to arbitration as a defense in any proceeding,

19  including to contest jurisdiction, if the Court determines this Agreement does not operate as a

20  complete bar to a claim by Plaintiff or the Settlement Class Members.

21        15.    Upon consideration of Class Counsel's application for fees and reimbursement of

22  expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an

23  amount to be set forth in that Order.

24        16.    Upon consideration of the application for an individual settlement and Service

25  Award, the Class Representative, David Edward Watson, is awarded the sum of ten thousand

26  dollars ($10,000.00) in consideration of his individual claims against the Defendant and for the

27  valuable service he has performed for and on behalf of the Settlement Class.

28

17. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

**IT IS SO ORDERED**.

Dated: December 15, 2021

EDWARD M. CHEN
United States District Judge